## KANSAS CITY & NORTHERN CONNECTING RAILROAD COMPANY, Appellant, v. BAKER et al.

**Division One, May 30, 1906.**

CONDEMNATION: Title to Land: Former Appeal: Subsequent Trial by Jury. The commissioners in a condemnation proceeding awarded a lumping sum to defendants, and, the amount being deposited in court, one of the defendants filed a motion asking that this sum be paid to it, as it was the sole owner of the land. This motion being overruled, that defendant appealed, and this court decided that the other defendants had no interest in the land and directed the trial court to order the money paid to that appealing defendant. In the meantime, the other defendants asked a trial by jury, which being awarded, the jury found that the other defendant had no interest in the property and awarded to the said defendants a sum in excess

of the lump sum paid in, and the court directed that that sum be applied ratably upon the awards allowed and that execution issue for the balance, and from this judgment the plaintiff appealed. *Held*, that the former appeal disposed of all matters in issue, and that this last judgment will be reversed with directions to pay the lump sum to the defendant which on· that appeal was held to be the owner of the land.

Appeal from DeKalb Circuit Court.—*Hon. A. D. Burnes*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. G. Trimble* for appellant.

(1) The court should have sustained plaintiffs' motion to first take up and try the issue as to ownership of property. The Hannibal & St. Joseph Railroad Company was satisfied with the award. If it should have been declared the owner of the property (as it afterwards was by the Supreme Court), there would have been no expensive trial, no double appeals of the case to the Supreme Court, and the trial would have been simplified very much. The anomaly of a judgment in favor of parties wholly without interest in the land, as now exists, would have been prevented. (2) The judgment in this case requires the clerk of the court to pay over to Baker and Morse the $600 deposited by plaintiff, and orders same to be credited upon ·the judgment rendered in favor of said defend-. ants. That much of the judgment has already been reversed by the decision in Railroad v. Baker, 183 Mo. 312. · If this judgment be affirmed, it will present the anomaly of this court affirming a judgment already reversed and ordering money, already ordered by this court to be paid to the Hannibal & St. Joseph Railroad Company, paid to Baker and Morse who have no interest whatever in the land in controversy.

GRAVES, J.—On October 30, 1899, the appellant, the Kansas City & Northern Connecting Railroad Company, instituted proceedings in the circuit court of DeKalb county to condemn the following described land, to-wit:

"A strip, tract or parcel of land situated in the village of Osborn in DeKalb county, Missouri, described as follows: Beginning at the southwest corner of Clinton and Baker streets, and running west along the south side of Baker street, three hundred and twenty-five feet to the southeast corner of Baker and Hunt streets; thence south along the east side of Hunt street sixty-two feet, more or less, to the right of way of the Hannibal & St. Joseph railroad; thence southwesterly, and along the right of way of the Hannibal & St. Joseph railroad three hundred and twenty-six feet, more or less, to the west side of Clinton street; thence north along the west side of Clinton street eighty-three feet, more or less, to the point of beginning, containing fifty-four hundredths of an acre, more or less."

In this proceeding I. E. Morse, P. J. Householder, William H. Carr, Aaron Carr, Henry Baker and the Hannibal & St. Joseph Railroad Company were made defendants. The commissioners appointed by the judge of the circuit court, by their report filed with the clerk of said court, made a lumping award of damages in the sum of $600. This sum was deposited with the clerk of the circuit court by the plaintiff herein.

The defendant, the Hannibal & St. Joseph Railroad Company, filed no exceptions to the report of the commissioners, but filed a motion asking the court to make an order directing the clerk to pay over to it the full amount of said award, on the ground that it was the sole owner of the property sought to be condemned. This motion was overruled, and after final judgment in the circuit court, upon exceptions filed by other defendants, in which it was held that defendant, the Han-

nibal & St. Joseph Railroad Company, had no interest in the property, an appeal was duly perfected to this court by said defendant.

The defendants, Baker and Morse, filed exceptions to the report of the commissioners, and in the same trial in which it was found, under the direction of the trial court, that the Hannibal & St. Joseph Railroad Company had no interest in the property, in a trial by jury, the defendant Baker was awarded $750 damages and the defendant Morse $550 damages, by the verdict of said jury. Judgment was entered in accordance with the verdict, and an order was made directing that the $600 upon deposit with the clerk be applied upon such judgment as follows: $346.15 to defendant Baker, and $253.85 to defendant Morse, and an execution issue against the plaintiff in favor of defendant Baker in the sum of $403.85, and in favor of defendant Morse, for $296.15.

From this judgment and order, after unsuccessful motion for new trial, the plaintiff herein in every way duly perfected this appeal, and this cause is here now upon its said appeal.

Defendants B. H. Householder, William H. Carr and Aaron Carr were, by the same judgment, found to have had no interest in the property, but they abided the judgment of the lower court and took no further steps.

The appeal of the defendant, the Hannibal & St. Joseph Railroad Company, was here at the April term, 1904, of this court. The facts therein were the identical facts herein, and are set out in full in the opinion of MARSHALL, J. [Railroad v. Baker, 183 Mo. 312.] This renders a further statement of facts superfluous.

In the opinion therein filed, it was said:

"It follows that Baker has no title to the land and no rights to the proceeds of the condemnation thereof, and as Morse is a lessee under Baker, he has no right to any part of such proceeds. The Hannibal & St. Jos-

eph Railroad Company is entitled to the damages aris-
ing from the condemnation of the land by the plaintiff,
and as that company does not question.the power of the
plaintiff company to condemn the land as against it,
and as no one else can question that right, the judgment
of the circuit court is reversed, and the cause remanded
to that court with directions to 'that court to set aside
the verdict of the jury, and also its action in sustaining
the exceptions of Baker and Morse to the award of the
commissioners, and to sustain the motion of the Hanni-
bal & St. Joseph Railroad Company for the payment
to it of the damages assessed by the commissioners."

It, therefore, follows, under the authority of that
case, that this cause should be reversed and remanded
to the circuit court of DeKalb county with directions
to set aside the judgment herein, and to render judg-
ment in said court to the effect that the said defendants,
Baker and Morse, have no interest in the land in contro-
versy, and the title thereto to be decreed by the court to
be in the appellant herein, the Kansas City & North-
ern Connecting Railroad Company, by virtue of its con-
demnation proceedings.

All concur.